UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT,                                                                            Civil Action No.

                              Plaintiff,

           -against-

COLONY INSURANCE CO.,

                              Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant, COLONY INSURANCE CO. ("Colony"), alleges upon information and belief as follows:

## Nature of the Action

1. In this action, Travelers seeks a declaration that Colony is obligated to defend and to indemnify JRM Construction Management, LLC, JRM Management Holdings, LLC, JRM Management New Jersey LLC, JRM Construction Management West, Transparent Construction ("Transparent"), LLC (collectively "JRM"), Vornado Office Management, Vornado Realty Trust, Vornado Realty LP (collectively "Vornado"), Alexander's Inc. ("Alexanders"), and Bloomberg LP and their affiliates ("Bloomberg") (all entities collectively "Upper Tiers") in connection with an underlying action asserting injuries allegedly sustained by Martin Reyes (the "Claimant") in an incident that allegedly occurred on or about July 18, 2023, at a construction project located at 731 Lexington Avenue, New York, New York (the "Project").

1

## The Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Colony was and is a Virginia corporation with a principal place of business in Richmond, Virginia.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Colony.

7. Plaintiff Travelers has no adequate remedy at law.

## The Policies

8. Travelers issued an insurance policy to Superior Acoustics Inc. ("Superior") providing commercial general liability coverage for the policy period October 28, 2022 to October 28, 2023, under policy no. DT1N-CO-8S265812-TCT-22 (the "Travelers Policy").

9. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. Defendant Colony issued an insurance policy to National Finishing Co. ("National") providing commercial general liability insurance coverage for the policy period September 13, 2022 to September 13, 2023, under policy no. 600 GL 0184081-01 (the "Colony Policy").

11. Subject to certain terms, conditions, and exclusions, the Colony Policy generally provides coverage for bodily injury during the policy period that is caused by an accident, with per occurrence limits of $1 million.

12. Upon information and belief, the Accredited Policy contains an ADDITIONAL INSURED – OWNSERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (form no. CG 20 10 12 19) which provides, in relevant part:

**SCHEDULE**

| **Name Of Additional Insured Person(s) Or Organization(s)** | **Location(s) of Covered Operations** |
|---|---|
| As required by written contract with the Named Insured that is executed by the parties to the contract prior to the commencement of work that is called for in the contract. | All locations which are afforded coverage under this policy. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or part, buy:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

3

**Background Facts**

13. On November 13, 2020, JRM, as Contractor, and Superior, as Subcontractor entered into a Master Subcontractor Agreement ("MSA") which governs subsequent purchase orders between the parties.

14. The MSA was valid for a five-year period and was in effect during Claimant's alleged accident at the Project.

15. Pursuant to the terms of the MSA, Superior agreed to procure commercial general liability coverage as required in a Purchase Order and name JRM as well as the owner and others listed in a Purchase Order as additional insureds on a primary and non-contributory basis.

16. Pursuant to the terms of the MSA, Superior agreed to require any of its subcontractors to incorporate the terms and conditions of the MSA into Superior's agreements or contracts with its subcontractors.

17. On December 8, 2022, JRM issued a Purchase Order ("Purchase Order") pursuant to the terms of the MSA for Superior to perform certain drywall and carpentry work at the Project.

18. Pursuant to the terms of the Purchase Order, Superior agreed to procure commercial general liability coverage naming, among others, JRM, Bloomberg, Alexanders, Transparent, and Vornado as additional insureds.

19. On January 1, 2023, Superior, as Contractor, and National, as Subcontractor, entered into a General Services Contract to perform certain work.

20. Pursuant to the terms of the General Services Contract, National was required to procure commercial general liability coverage naming Superior and all other parties Superior

was required to name as additional insureds by any contract as additional insureds under National's Policy, with limits of $1 million per occurrence.

21. On February 6, 2023, Superior and National entered into an Indemnification agreement which together with the General Services Contract form the "Subcontract."

22. Pursuant to the terms of the Subcontract, National agreed to indemnify, defend and hold harmless, among others, Superior, JRM, Vornado, Bloomberg, and Transparent from, among other things, any and all claims, suits, damages, and liabilities.

23. Pursuant to the terms of the Subcontract, National produced a certificate of insurance (the "COI") to Superior for the Project listing Superior and the Upper Tiers as additional insureds.

24. On or about July 18, 2023, Claimant was working for National at the Project when he allegedly sustained injuries when he was caused to fall from a ladder.

25. By a complaint filed on or about September 11, 2023, Claimant commenced an action styled *Martin Reyes v. Bloomberg LP, et al.*, in the Supreme Court for the State of New York, County of New York, Index No. 158966/2023 (the "Underlying Action").

26. The Underlying Action purports to assert causes of action seeking recovery for Claimant's injuries from the underlying accident against, among others, Superior, JRM, Bloomberg, Alexanders, Transparent, and Vornado based on theories of negligence and violations of New York Labor Law.

## Tenders to Colony

27. By letter dated July 27, 2023, Travelers tendered to Colony on behalf of Superior and the Upper Tiers seeking defense, indemnification, and additional insured status under the Colony Policy.

28. By letter dated August 22, 2023, Colony originally denied Travelers' tender as premature and for lack of any contract.

29. By e-mail dated October 3, 2023, Travelers retendered to Colony with the appropriate contracts and agreements.

30. By letter dated November 28, 2023, Colony accepted the defense of Superior only under a reservation of rights, denying the tender to the Upper Tiers.

31. By email dated September 6, 2024, Travelers retendered the defense, indemnification, and status as additional insureds under the Colony Policy for the Upper Tiers to Colony.

32. To date, Colony has refused to provide a defense, indemnification, and status as additional insureds to the Upper Tiers.

33. Travelers has been providing a defense to the Upper Tiers under a reservation of rights.

## Travelers' Cause of Action for Declaratory Relief as Against Colony

34. Travelers repeats and realleges the allegations contained in paragraphs 1-33 above as if set forth here in their entirety.

35. The Upper Tiers qualify as additional insureds under the Colony Policy.

36. The Upper Tiers are entitled to a defense under the Colony Policy issued to National, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

37. Coverage provided to the Upper Tiers by the Colony Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

38. Colony has refused to provide coverage to the Upper Tiers with respect to the Underlying Action.

39. Accordingly, Travelers seeks a declaration the Colony has an obligation to defend and to indemnify the Upper Tiers as additional insureds; that the coverage provided by the Colony Policy to the Upper Tiers is primary; and that the obligations of Travelers to the Upper Tiers in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Colony Policy.

40. In addition, Travelers seeks an award at law and in equity against Colony for recovery of all sums Travelers has incurred and continues to incur in defense of the Upper Tiers in the Underlying Action because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

## **Prayer for Declaratory Relief**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring the Colony Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Colony Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Colony Policy.

4. Declaring that Defendant Colony owes a duty to defend the Upper Tiers in connection with the Underlying Action.

5. Declaring that Defendant Colony has a duty to indemnify the Upper Tiers in connection with the Underlying Action.

6.       Declaring that Defendant Colony's coverage obligations to the Upper Tiers in connection with the Underlying Action are primary.

7.       Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Colony with respect to the Underlying Action.

8.       Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Colony with respect to Colony's duty to defend and to indemnify the Upper Tiers in connection with the Underlying Action.

9.       Granting an award in favor of Plaintiff Travelers against Defendant Colony for all sums Travelers has paid and continues to pay in defending the Underlying Action.

10.      Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11.      Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
          January 31, 2025

                              USERY & ASSOCIATES

                              By:   /s/Amy C. Gross
                                   Amy C. Gross
                                   *Attorneys for Plaintiff The Travelers Indemnity Company of Connecticut*
                                   Direct: 917.778.6462
                                   Fax: 844.571.3789
                                   Email: acgross@travelers.com

                                   Please address all correspondence sent by mail to:
                                   P.O. Box 2996

Hartford, CT 06104-2996

<u>Physical Address:</u>
485 Lexington Avenue, 6th Floor
New York NY 10017